# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JEROME PETE SMITH                                                                    PLAINTIFF

v.                                                                                   No. 4:11CV11-A-S

MS PAROLE BOARD MEMBERS                                                              DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Jerome Pete Smith, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that the Mississippi Parole Board has violated his right to due process by failing to permit him to appear in person at his May 2009 parole hearing. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

As an initial matter, to the extent that the plaintiff's § 1983 claims are based upon the violation of state law, they will be dismissed for failure to state a constitutional claim. Violation of state law does not, alone, give rise to a cause of action under § 1983. *Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982). Next, as to the plaintiff's due process claim, the Due Process Clause provides protection only from those state procedures which imperil a protected liberty or property interest. *Olim v. Wakinekona*, 461 U.S. 238, 250-51, 103 S. Ct. 1741, 1748, 75 L. Ed. 2d 813 (1983). Thus, unless the Mississippi statutes governing parole afford prisoners a liberty or property interest, the prisoners cannot mount a procedural or substantive due process challenge to the actions of the parole board. *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Mississippi parole statutes do not,

however, bestow a liberty or property interest to prisoners; hence, Mississippi prisoners cannot challenge the decisions of the parole board on due process grounds. *Irving v. Thigpen*, 732 F.2d 1215, 1218 (5th Cir. 1984). Therefore, the plaintiff's due process claims should also be dismissed for failure to state a claim. The plaintiff's final claim, equal protection, must fail, as well, as the plaintiff has failed to identify "two or more relevant persons or groups" which the government has classified and treated differently, to the plaintiff's detriment; thus this final claim will be dismissed for failure to state a constitutional claim. *Vera v. Tue*, 73 F.3d 604, 609-10 (5th Cir. 1996). In sum, all of the plaintiff's claims will be dismissed for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii). A final judgment consistent with this memorandum opinion shall issue today.

       **SO ORDERED,** this the 11th day of March, 2011.

                                                 /s/ Sharion Aycock
                                                 **U.S. DISTRICT JUDGE**